FILED

NOV 1 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON LAFLAMME,<br><br>    Petitioner,<br><br>vs.<br><br>SUE HUBBARD,<br><br>    Respondent. | No. C 12-03365 EJD (PR)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Docket No. 7) |

Petitioner, a California inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also filed a motion for leave to proceed in forma pauperis ("IFP") in lieu of paying the filing fee. (Docket No. 4.) The motion was denied because Petitioner had not shown an adequate level of poverty. (Doc. No. 6.) Petitioner has filed a motion for reconsideration. (Doc. No. 7.)

A motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263

(9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. Id.

Petitioner does not specify the provision of Rule 60(b) under which reconsideration is warranted, however, he alleges that the Court has been misinformed by Respondent as to his status as an indigent. (See Doc. No. 7 at 1.) Liberally construed, Petitioner alleges fraud however his allegations are conclusory and without factual support. The Court's October 9, 2012 order was based on the IFP application filed by Petitioner on July 9, 2012. (Doc. No. 4.) Petitioner has not submitted new or additional information for the Court to consider either his allegation of fraud or his current indigence. Plaintiff presents no reason justifying relief. Accordingly, the motion for reconsideration is DENIED without prejudice. In the interest of justice, the Court sua sponte grants petitioner an extension of time to either pay the filing fee or submit a current IFP application for the Court to consider. Petitioner shall either pay the filing fee or submit the IFP application within thirty (30) days of the filing date of this order.

This order terminates Docket No. 7.

DATED: 11/19/12

EDWARD J. DAVILA
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DON LAFLAMME,   )   No. C 12-03365 EJD (PR)
              )
    Petitioner,   )
              )   CERTIFICATE OF SERVICE
    vs.       )
              )
SUE HUBBARD, Warden,   )
              )
    Respondent.   )
              )

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __11/19/12__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Don LaFlamme**
C-52818
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

DATED: __11/19/12__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk